DEBORAH M. SMITH
Acting United States Attorney

SUSAN LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
susan.lindquist@usdoj.gov


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| DONALD E. CARLING,<br><br>      Plaintiff,<br><br>  v.<br><br>ANN M. VENEMAN, Secretary,<br>Department of Agriculture<br><br>      Defendant. | Case No. 3:04-cv-211-JKS<br><br>**UNITED STATES' MOTION FOR LEAVE OF COURT TO ADD ADDITIONAL FACTUAL MATERIAL TO REPLY BRIEF**<br><br>*Filed on shortened time* |

Ann Veneman, the Secretary of the Department of Agriculture, through

counsel, moves for leave of Court, pursuant to Local Rule 7.1(h)(2)[A], to add

additional factual material to its Reply to Plaintiff's Response to Defendant's

Motion for Summary Judgment at Docket 21.  When the Motion was filed on

April 7, 2006, some of the additional factual information had been produced in

discovery (AA, BB, FF, GG) and some documents were not sought until after the

Opposition was filed (CC, DD, EE).

In his Opposition, Mr. Carling disputed the allegation that he was told to go

through the Team Research Leader, Dr. Pantoja, but he continued to contact

outside agencies thereafter.  Docket 21 at 4-5.  Dr. Carling stated that there was

nothing in the record to dispute that Dr. Carling violated that "suggestion" that he

was to go through the leader.  Docket 21 at 5.  The termination letter (Ex. J) was

based on Dr. Pantoja's list of events regarding Dr. Carling which Dr. Pantoja

based his decision to terminate Dr. Carling.  Ex. K.  Each event is substantiated by

a cite to Appendixes, and all, but one, were produced in discovery.  The

government had determined that Ex. J and K covered this topic, but when faced

with Dr. Carling's unsubstantiated personal opinion that he did not violate the

suggestion, the government felt that there was a need to rebut this incorrect

statement with neutral emails (Appendix I (AA), II (FF), and V(BB)) written at the

time of the events in 2003.

Exhibits CC, DD, and EE are needed to properly rebut Dr. Carling's

allegations that Dr. Kuhl was treated better, allegedly because of his age.  Docket

21 at 8.  Upon further research, government counsel found that there was no

record of Dr. Carling requesting equipment and in fact there was an email by Dr.

Pantoja urging him to place his order.  These documents (CC and DD) have no

bates numbers and were not produced in discovery, as they were only requested

after the opposition presented arguments about equipment without stating

specifically what equipment had been requested and denied.  The information

from the internet about the Spectramax (EE) was obtained to insure that the court

knew that this equipment was specifically used for molecular research, which Dr.

Carling does not do.

   RESPECTFULLY SUBMITTED on May 18, 2006.

          DEBORAH M. SMITH
          Acting United States Attorney

          s/ Susan J. Lindquist
          Assistant U. S. Attorney
          222 West 7th Ave., #9, Rm. 253
          Anchorage, AK 99513-7567
          Phone: (907) 271-3378
          Fax: (907) 271-2344
          E-mail: susan.lindquist@usdoj.gov
          AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2006,
a copy of the foregoing UNITED STATES'
MOTION FOR LEAVE OF COURT TO ADD
ADDITIONAL FACTUAL MATERIAL TO
THE REPLY BRIEF was served
electronically on Hugh W. Fleisher.

s/ Susan J. Lindquist