DEBORAH M. SMITH
Acting United States Attorney

SUSAN LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DONALD E. CARLING,<br><br>  Plaintiff,<br><br> v.<br><br>ANN M. VENEMAN, Secretary, Department of Agriculture<br><br>  Defendant. | Case No. 3:04-cv-00211-JKS<br><br>**DEFENDANT'S RESPONSE TO ORDER AT DOCKET 32 REGARDING JURISDICTION** |

  Ann Veneman, the Secretary of the Department of Agriculture, through counsel, responds to the Court's Order at Docket 32, inquiring whether there is jurisdiction to hear this case.  The Plaintiff's response at Docket 33 missed the mark.  There is no jurisdiction in this court that is related to Dr. Carling's

misguided attempt to dispute his termination before the Merit System Protection Board.

There is jurisdiction based on 29 USC § 633a(d) which requires Notice to the Commission of the EEOC of any proposed legal action based on age discrimination. "When the individual has not filed a complaint concerning age discrimination with the Commission, no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action." Id.  Notice must be given within one hundred and eighty ("180") days after the alleged discriminatory act occurred.

Dr. Carling notified the EEOC by letter, dated July 29, 2004, that he intended to file this action in District Court.  Ex. A.  Dr. Carling filed suit in District Court on September 14, 2004.  On September 28, 2004, the EEOC informed the Dept. Of Agriculture that it had received Notice of the proposed lawsuit on August 4, 2004.  Ex. B.  Thus, Dr. Carling properly exhausted administrative remedies for the unlawful employment practices about which he notified EEOC and which occurred within 180 eighty days of the Notice, which would be from approximately January 29, 2004, through July 29, 2004.

In his Complaint, Dr. Carling listed two adverse employment actions. First he claims that on or about December 4, 2004, he applied for the position of pathologist in Fairbanks and on May 17, 2004, he determined that he had not been selected. Complaint ¶ 5. Second he claims that on February 15, 2004, he applied for the physiology position and on June 30, 2004, he determined that he had not been selected. Complaint ¶ 7.

As to the first claim, the non-selection for the Fairbank's pathology position, on May 17, 2004, Ms. Winton was selected for the Fairbank's position. Ex. V at 4. Thus, the Fairbank's selection fell within the 180 day period preceding the Notice to the EEOC and the Court has jurisdiction to determine if the non-selection was based on age discrimination.

The Palmer physiologist position had more than one selection procedure. For the first selection process the Certification of Eligibles was valid from March 25, 2004, until June 25, 2004. Docket 17 at Ex. P at 1. Dr. Darrin Haagenson and Dr. Scott Kuerston were on one list. Docket 17 at P. Dr. Carling was listed on a Certificate of Eligibles, which included individuals who were eligible for reinstatement. Ex. C (not dated). Dr. Pantoja offered the position to Drs. Haagerson and Kuerston, but they declined the offer. Docket 17, Ex. P. Thus, for

the selection that ended June 25, 2004, Dr. Carling was not selected, but the position was not filled.

The Palmer position was re-opened on November 5, 2004, after Dr. Carling had filed his Complaint in the District Court, and closed on February 17, 2005. Ex. O at 5. In this second selection, Dr. Carling was again considered as a candidate. Docket 17 at Ex. R; Docket 22 at Ex. 5. A panel interviewed candidates in February 2005 and selected Dr. Joseph Kuhl. Docket 17 at 8-11.

The re-selection process post dates Dr. Carling's letter to the EEOC and therefore his July 2004 letter cannot qualify as notice of a discriminatory practice that occurred in 2005. Dr. Carling failed to notify EEOC about any discriminatory practice dealing with the re-selection for the Palmer position.

## CONCLUSION

This court has jurisdiction to consider the non-selection for the Fairbank's pathology position, which Loretta Winton filled.

This court has jurisdiction to consider the first non-selection for the Palmer physiology position, which nobody filled.

This court does not have jurisdiction to consider the re-selection for the Palmer physiology position, which Joseph Kuhl filled.

RESPECTFULLY SUBMITTED on June 26, 2006.

                DEBORAH M. SMITH
                Acting United States Attorney

                s/ Susan J. Lindquist
                Assistant U. S. Attorney
                222 West 7th Ave., #9, Rm. 253
                Anchorage, AK 99513-7567
                Phone: (907) 271-3378
                Fax: (907) 271-2344
                E-mail: susan.lindquist@usdoj.gov
                AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2006,
a copy of the foregoing DEFENDANT'S RESPONSE
TO ORDER AT DOCKET 32 REGARDING
JURISDICTION was served
electronically on Hugh W. Fleisher.

s/ Susan J. Lindquist