

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

SEP 28 2004

Sadhna True, Director
Office of Civil Rights
Department of Agriculture
300 7th Street, S.W.
Reporter's Building, Room 620
Washington, D.C. 20250

Dear Ms. True:

    On August 4, 2004 the Equal Employment Opportunity Commission (EEOC) received Mr. Donald E. Carling's notice of intent to file a civil action against the Department of Agriculture, under Section 15(d) of the Age Discrimination in Employment Act (ADEA) of 1967, as amended, 29 U.S.C. Section 633a.[1]

    Upon receiving a notice of intent to sue, the ADEA requires that the EEOC promptly notify all persons named in the notice as prospective defendants in the action and take any appropriate action to ensure the elimination of any unlawful practice. If the enclosed notice specifically names officials of your agency as prospective defendants in the civil action, you are requested to notify them promptly that they are prospective defendants and provide them with a copy of the enclosed notice of intent to sue.

    The Equal Employment Opportunity Directive (EEO-MD-110), for 29 C.F.R., Part 1614, Chapter 4, Section IV, requires that upon receipt of a notice of intent to sue, an agency must review the allegation(s) of age discrimination and conduct an inquiry sufficient to determine whether there is evidence that unlawful age discrimination has occurred. The method of the inquiry is a matter for determination by the particular agency and may vary depending on the scope and complexity of the allegation(s). Agencies are encouraged to make good faith efforts to resolve the matter and must implement the appropriate make-whole relief under 29 C.F.R. Part 1614, Subpart E, where unlawful age discrimination is found.

    In order to resolve age discrimination claims informally and to preclude the necessity for litigation, the EEOC expects that agency's inquiries under EEO-MD-110 will be conducted

---

[1] When a federal age discrimination claimant has <u>not</u> filed an administrative age discrimination complaint, she/he may by-pass the administrative complaint process in 29 C.F.R. Part 1614 by filing a notice of intent to sue with the EEOC. The notice must be filed within one hundred and eighty days after the alleged unlawful practice occurred.



EXHIBIT B

promptly. Prompt inquiries are also necessary so that a claimant's right to seek judicial redress is not jeopardized because a limitations period for filing a civil action has expired. Agencies should implement case tracking systems to ensure the prompt processing of these matters. Agency's inquiries based on a notice of intent to sue should begin immediately and be completed promptly.

You are requested to complete the agency's inquiry within 30 days. Please inform the claimant of your agency's disposition of this matter and furnish a copy to me.

By a copy of this letter, we are informing the claimant that s/he may file a civil action under the ADEA at any time after thirty days from the date s/he filed this notice of intent to sue with the Commission regardless of whether your agency has conducted any inquiry into his/her allegations. However, the claimant is advised that s/he may want to promptly file such an action upon the expiration of the 30-day waiting period because the federal court case law concerning the applicable limitations period for a federal age claimant to file a civil action under the ADEA varies by jurisdiction.

If you have any questions concerning your agency's responsibilities upon receipt of the enclosed notice of intent to sue, please contact Maurice A. White, Equal Employment Opportunity Specialist, in this office on 202-663-4564 (voice) or 202-663-4593 (TDD).

Sincerely,

Ms. Betty J. Hickey
Branch Chief
Complaints Adjudication Division


Enclosure

cc: Donald E. Carling
c/o Law Offices
Hugh W. Fleisher
310 K Street, Suite 200
Anchorage, Alaska 99501