UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| DONALD E. CARLING,<br><br>             Plaintiff,<br><br>vs.<br><br>ANN M. VENEMAN, Secretary,<br>Department of Agriculture,<br><br>             Defendant. | No. 3:04-cv-00211-JKS<br><br>ORDER<br>[Re: Motion at Docket 39] |

I.  MOTION PRESENTED

At Docket No. 39 defendant Ann M. Veneman, Secretary of Agriculture ("the Secretary") has moved for summary judgment. Plaintiff Donald E. Carling ("Carling") has not opposed the motion.

II.  BACKGROUND/FACTS

The background and facts are well known to the parties and extensively set forth in the Memorandum Decision disposing of the prior motion for summary judgment.[1] Consequently they will not be repeated here except as necessary to an understanding of this order.

In her prior motion the Secretary raised the issue of whether the actions of ARS in declining to employ Dr. Carling for the Fairbanks position in February 2004 or the Palmer position in June 2004 constitute discrimination on account of age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq*.  In its Memorandum Decision the Court agreed with the Secretary that, although Dr. Carling had established a *prima facie* case of discrimination as to the failure to hire him for both the Fairbanks and Palmer positions, the undisputed facts negated his prima facie case as to the decision not to hire him for the Fairbanks position.  However, the Secretary failed to introduce any evidence with respect to

---

[1] Docket No. 35.

the reason for declining to interview Dr. Carling for the Palmer position. Accordingly, as to that position, Carling's *prima facie* case, although weak, carried the day on a motion for summary judgment.

The Secretary has filed the instant unopposed motion to present evidence to defeat Carling's *prima facie* case.

### III. ISSUE PRESENTED

Whether the action of ARS in declining to interview Dr. Carling for the Palmer position in June 2004 constitute discrimination on account of age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.*[2]

### IV. STANDARD OF REVIEW

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact, and the moving party is entitled to judgment in its favor as a matter of law. FED. R. CIV. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] ruling on a motion for summary judgment." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986). In response to a

---

[2] 29 U.S.C. § 633a provides:
(a) **Federal agencies affected**
All personnel actions affecting employees or applicants for employment who are at least 40 years of age (except personnel actions with regard to aliens employed outside the limits of the United States) in military departments as defined in section 102 of Title 5, in executive agencies as defined in section 105 of Title 5 (including employees and applicants for employment who are paid from nonappropriated funds), in the United States Postal Service and the Postal Rate Commission, in those units in the government of the District of Columbia having positions in the competitive service, and in those units of the judicial branch of the Federal Government having positions in the competitive service, in the Smithsonian Institution, and in the Government Printing Office, the Government Accountability Office, and the Library of Congress shall be made free from any discrimination based on age.
29 U.S.C. § 631(b) provides:
(b) **Employees or applicants for employment in Federal Government**
In the case of any personnel action affecting employees or applicants for employment which is subject to the provisions of section 633a of this title, the prohibitions established in section 633a of this title shall be limited to individuals who are at least 40 years of age.

properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055-56 (9th Cir. 2002).  The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a fact-finder to resolve the parties' differing versions of the truth at trial.  There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Even though unopposed,[3/] the undisputed facts must establish that the moving party is entitled to judgment as a matter of law.  *See, e,g, Martinez v. Stanford*, 323 F.3d 1178, 1182–1183 (9th Cir.2003).

## V.  DISCUSSION

The applicable law is extensively set out in the Court's prior decision and, like the background and facts, is not repeated here.  As noted above, and acknowledged by the Secretary, Dr. Carling has presented a *prima facie* case.  Thus the burden shifts to the Secretary to show a legitimate non-discriminatory basis for the action.  In his declaration, Exhibit CC accompanying the motion at bar, Dr. Pantoja states:[4/]

> 3.      I received the copy of the applications and Certificates of Eligibles from the Human Resource Division, including Dr. Carling's.  I selected the top three candidates for interview.  I did not select Dr. Carling because I had just terminated him for the reasons stated in the termination letter.  I was not concerned about any scientist's age.  I was concerned about past performance and research skills.  I had worked with Dr. Carling and was unhappy with his inability to keep me informed and to focus on his research project.
>
> 4.      I reviewed the applications and selected Darrin Haagenson, Scott Kuerston, and Ivan Mott for interview.  The position called for a plant physiologist or a geneticist.  Although Dr. Carling had enough experience to qualify for the position, he was not the best applicant for the job because his training, experience, and research emphasis is in plant pathology.

---

[3/] The Court has taken judicial notice of and considered Dr. Carling's opposition at Docket No. 21 to the earlier motion.

[4/] Docket No. 39-5.

    5.    Moreover, currently the state of the art for research in the fields of genetics and plant physiology is to explore plants on the molecular level.  This type of research requires experience with the use of PCR techniques, molecular genetics (genomics), mapping genes, quantitative trait loci, and skills in applying, adapting, and modifying molecular markers analysis methods, procedures, and techniques to facilitate plant improvement and understanding plants physiological processes.

    6.    All three candidates selected for interview could perform research at the molecular level.

[Recitation of the specific qualifications of the three individuals selected omitted]

Thus, all three candidates whom I selected had experience on genomics, plant physiology or both and had the skills and experience needed for the position.  Dr. Carling had no research experience on plant genetics, plant physiology or genomics.  The candidates were very strong with skills, experience and publications at the molecular level.  Among the candidates who were not selected for interview were three, geneticist (Kumagai, Zeng, and Yuen), some with international experience.  Dr. Carling, as a plant pathologist, was not the best suited candidate for the vacancy.  ARS already had a plant pathologist on staff in Palmer and I was really looking for a plant physiologist or geneticist who could perform genomics research.

* * * *

6. [*sic*] I did not select Dr.Carling for interview because I had just terminated him from the same position which ARS was trying to fill.  I had reviewed his research prospectus and found it lacking.  I had also interacted with him on organizational issues such as approval for travel and equipment purchases.  I did not want to re-hire a scientist that 1 had already determined could not effectively do the job.

A plaintiff must show "*both* that the reason was false *and* that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515 (1993) (emphasis in the original). *St Mary's* makes clear that once a defendant has articulated a legitimate non-discriminatory basis for its action, the presumption created by the facts establishing the *prima facie* case disappears and the burden shifts back to the plaintiff to establish that discrimination was the real reason. There is not one scintilla of evidence, direct or circumstantial, that tends to support a finding that the reason Dr. Carling was not hired for the Palmer position was based upon his age. In his opposition to the earlier motion for summary judgment, Dr. Carling offered only his subjective view that because he could think of no other reason, that had to be the reason. This is insufficient. In ruling on a motion for summary judgment, the court is not required to draw all

possible inferences in favor of the nonmovant, only all reasonable ones. *See O.S.C. Corp. v. Apple Computer Inc.*, 792 F.2d 1464, 1466–1467 (9th Cir.1986). Based on this record, the Court can not say that a reasonable mind could find that Dr. Carling was not hired for the Palmer position because of his age.

## VI.  CONCLUSION

Based upon the foregoing, Defendant's Motion for Summary Judgment at Docket No. 39 is GRANTED.

IT IS ORDERED THAT the complaint on file herein is DISMISSED; plaintiff to take nothing by way thereof and judgment thereon entered in favor of defendant.

The Clerk of the Court is directed to enter final judgment accordingly.

Dated this 27th day of September, 2006.

                                                                  s/ James K. Singleton, Jr.
                                                                  JAMES K. SINGLETON, JR.
                                                                  United States District Judge